RETURN TO CLIENT

1  GEORGE E. AKWO (State Bar #164670)
   Law Offices Of George E. Akwo
2  12080 Ventura Place
   Suite D
3  Studio City, CA 91604
   Telephone: (310) 435-9406
4  Facsimile: (310) 496-2458
   Email: george@akwolaw.com
5
6  OPHIR J. BITTON (State Bar #204310)
   Bitton & Associates
7  12080 Ventura Place
   Suite D
8  Studio City, CA 91604
   Telephone: (818) 524-1223
9  Facsimile: (818) 524-1224
   Email: ophir@bittonlaw.com

10 Attorneys for Plaintiff
   SOLID 21 INC.
11

12          UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14 SOLID 21, INC., a Nevada Corporation      )  CASE NO:
   headquartered in Los Angeles, California,  )
15                                            )  CV11  0449 GAF AJWx
                                              )
16              Plaintiff,                     )  COMPLAINT FOR:
        vs.                                    )
17                                             )  1. STATUTORY TRADEMARK
18 ROLEX WATCH USA, INC., a New York          )     INFRINGEMENT;
   Corporation;  ROLEX  SA,  a  Swiss          )  2. COMMON LAW TRADEMARK
19 Corporation;  and DOES 1-10, inclusive,    )     INFRINGEMENT;
                                               )  3. UNFAIR COMPETITION;
20              DEFENDANTS.                     )  4. FALSE DESCRIPTION;
                                               )  5. INJUNCTIVE RELIEF;
21                                             )  6. DECLARATORY RELIEF
                                               )
22                                             )
                                               )
23                                             )  DEMAND FOR JURY TRIAL
                                               )
24                                             )
                                               )
25                                             )
26
27     Plaintiff SOLID 21 INC. (hereinafter "Plaintiff" and/or "SOLID 21"), a Nevada

28 Corporation with its principal place of business in Los Angeles, California, by and through its

1  undersigned attorneys, alleges for its Complaint against defendants ROLEX WATCH USA INC.,

2  a New York Corporation; its parent ROLEX SA, a Swiss Corporation; and DOES 1-10,

3  inclusive, (collectively, "DEFENDANTS") as follows:

4  ### I.    NATURE OF THE ACTION

5  1.     This is a complaint for Trademark Infringement, Unfair Competition, and False

6  Description arising in Common law and under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§

7  1114(1) (Trademark Infringement) and 1125(a) and (c) (Unfair Competition and False

8  Description), for Unfair Business Practice arising under California Business and Professions

9  Code §§ 14245 et seq. and 17200 et seq., and for declaratory relief (see, 15 U.S.C. § 1065).

10  2.     SOLID 21 is the owner of the registered and incontestable trademark RED GOLD® for,

11  *inter alia,* fine jewelry and watches made from a special alloying of gold with a distinct color

12  made into fine jewelry in connection with the manufacture, marketing and advertising of

13  watches, necklaces, bracelets, rings, anklets, cuff links, ornamental hair pins, belt buckles of

14  precious metal, tie clips and pegs and earrings known as "RED GOLD®."  The trademark is

15  capsulated in the following trademark information and in the trademark certificate attached

16  hereto as Exhibit 1 and incorporated herein as though fully set forth:

17  U.S. Trademark Registration No. 2,793,987

18  Mark: RED GOLD(R)

19  Registered:  December 16, 2003

20  Owner: SOLID 21 Incorporated

21  In addition, on August 21, 2009, the Commissioner of Trademarks, United States Patent

22  and Trademark Office issued the following Notice of Use and Incontestability in regards to

23  Plaintiff's RED GOLD® trademark (a true and correct copy of said Notice of Incontestability is

24  attached hereto as Exhibit 2 and Incorporated herein as though fully set forth):

25  "The combined declaration of use and incontestability filed in connection

26  with the registration identified below meets the requirements of Sections 8 and 15

27  of the Trademark Act, 15 U.S.C. §§1058 and 1065.  The combined declaration is

28  accepted and acknowledged.  The registration remains in force.

Trademark Complaint For Damages

REG NUMBER: 2793987

MARK: RED GOLD®

OWNER: Solid 21 Incorporated

3.     SOLID 21 seeks equitable relief, as well as compensatory and monetary damages, costs and disbursements. (15 U.S.C. §§ 1116 and 1117.) Plaintiff also brings this action for monetary damages it has suffered and disgorgement of DEFENDANTS' profits as a result of DEFENDANTS' unfair competition and intentional violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## II.     JURISDICTION AND VENUE

4.     This Court has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because this action involves substantial claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et seq.*, including claims Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description),  for Unfair Business Practice arising under California Business and Professions Code § 17200 et seq., and for injury to business reputation.

This Court also has supplemental jurisdiction over related state dilution and unfair competition in violation of the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b), 1367 and the doctrine of supplemental jurisdiction, because such state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.

5.     This Court has personal jurisdiction over the defendants because they have personally availed themselves by doing substantial business in California.

6.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

///

Trademark Complaint For Damages

### III.    INTRADISTRICT ASSIGNMENT

7.      This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

### IV.    THE PARTIES

8.      SOLID 21 is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 22287 Mulholland Highway Suite 82, Calabasas, CA 91302.

9.      SOLID 21 is informed and believes and on this basis alleges that defendant ROLEX SA is a corporation organized and existing under the laws of Switzerland. SOLID 21 is informed and believes and on this basis alleges that defendant ROLEX WATCH U.S.A., INC. is a corporation organized and existing under the laws of the State of New York. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or an agent of Defendant ROLEX SA and together they infringe SOLID 21's trademark.

10.     Defendants DOES 1 to 10, inclusive are now, and/or at all times mentioned in this Complaint were individuals and/or are licensed to do business and/or actually doing business in the United States. Plaintiffs do not know the true names and capacities, whether individual, partner or corporate, of DOES 1 to 10, inclusive and for that reason DOES 1 to 10 are sued under such fictitious names pursuant to Federal Rules of Civil Procedure Section 19-1 and federal case law. SOLID 21 will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happening and circumstances alleged in this Complaint. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture,

Trademark Complaint For Damages

4

1  partnership and common enterprise, and were acting within the course and scope of, and in

2  pursuance of said joint venture, partnership and common enterprise. Defendants, and each of

3  them, at all times mentioned in this Complaint concurred and contributed to the various acts and

4  omissions of each and every one of the other Defendants in proximately causing the complaints,

5  injuries and/or damages alleged in this Complaint. Defendants, and each of them, at all times

6  mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one

7  of the acts and/or omissions alleged in this Complaint. Defendants, and each of them, at all times

8  mentioned in this Complaint aided and abetted the acts and omissions of each and every one of

9  the other Defendants thereby proximately causing the damages alleged in this Complaint.

10              **V.**     **FACTS COMMON TO ALL ALLEGATIONS**

11  11.     SOLID 21 is the owner of a United States trademark registration as it relates to fine

12  jewelry, watches, and related goods and services using its famous RED GOLD® mark, including

13  Reg. No. 2,793,987 (referred to hereinafter as the "RED GOLD® Registrations") (see Exhibit 1

14  hereto).

15  12.     For over five years, SOLID 21 has been continuously and exclusively using and

16  promoting its RED GOLD® trademark in connection with the design, manufacture, marketing

17  and advertising of fine jewelry, watches and related goods and services.

18  13.     The RED GOLD® Registration is valid, subsisting and prima facie evidence of the

19  validity of the mark covered by the RED GOLD® Registration, SOLID 21's ownership of this

20  mark, and SOLID 21's exclusive right to use the RED GOLD® Registration in commerce

21  nationwide. The RED GOLD(R) mark for Reg. No. 2,793,987 has become incontestable.

22  14.     SOLID 21 has spent significant sums advertising and promoting its products and services

23  throughout the United States and expanding its business offering goods and related products and

24  services under the distinctive RED GOLD® mark. Solid 21 has spent millions of dollars in

25  promotional efforts to brand RED GOLD(R)®, including direct advertising, aggressive public

26  relations effort and product placement.  As part of this effort, Solid 21 has hosted several all-

27  jewelry runway shows highlighting RED GOLD® in cites such s New York, Washington DC,

28  Los Angeles, Lagos, London and Las Vegas.  Solid 21 has advertised in several jewelry trade and

consumer magazines and has been featured on several television shows, both domestically and internationally. Solid 21 has promoted RED GOLD® on several award shows such as the Academy Awards ("The Oscars"), Billboard Awards, Video Music Awards. Solid 21's celebrity clients have featured RED GOLD® in their songs, music videos and movies.  As a result of these efforts and continuous use, the RED GOLD® mark has become famous and associated with the fine jewelry designed, manufactured, marketed and advertised by SOLID 21.

15.     SOLID 21 both adds to and relies upon the value and goodwill of the RED GOLD® Mark to derive income from its business activities in connection with RED GOLD® and related goods and services.

16.     SOLID 21 has developed watches and jewelry items using its RED GOLD® mark, all of which have been successfully introduced into the marketplace.

17.     DEFENDANTS are international watch manufacturers and designers.

18.     Upon information and belief, at various times after SOLID 21, DEFENDANTS began selling, marketing and advertising fine jewelry utilizing the RED GOLD® mark.  Upon information and belief, DEFENDANTS advertised the manufacture and sale of fine jewelry and watches using the RED GOLD® mark in their branding and marketing materials.

19.     SOLID 21 is informed and believes and on this basis alleges that DEFENDANTS also allowed third parties to promote their product lines of fine jewelry and watches under the RED GOLD® mark.

20.     DEFENDANTS are national and international watch manufacturers.  SOLID 21 is informed and believes and on this basis alleges that DEFENDANTS utilized the RED GOLD® mark in their marketing, advertising and sales of their product line of fine jewelry with full knowledge of SOLID 21 and SOLID 21's use of and prior rights in the RED GOLD® mark with respect to the manufacture, marketing, advertising and sale of fine jewelry, or in the alternative, in negligent disregard for SOLID 21's trademark.

21.     DEFENDANTS' use of RED GOLD® with respect to their marketing, advertising and sale of their own product line of fine jewelry is directly competitive with Plaintiff's use of RED GOLD® in the same market and is likely to cause confusion, reverse confusion, mistake, and/or

Trademark Complaint For Damages

1   deception as to the source of DEFENDANTS' goods and services.

2   22.      SOLID 21 pleads the following facts concurrently or in the alternative to the prior facts

3   herein:

4        A.      SOLID 21 spent money and effort to develop, formulate, and create a metal alloy

5   gold derivative with an amber hue which it developed, branded and marketed as RED GOLD®.

6        B.      SOLID 21 became known and recognized in the fine jewelry and watches

7   marketplace for producing and marketing products including the metal alloy gold derivative with

8   an amber hue which it developed.  Similarly products containing the metal alloy gold derivative

9   with an amber hue became associated with the mark RED GOLD® and with SOLID 21.

10       C.      The gold with the amber hue developed by SOLID 21, in addition to giving

11  SOLID 21's products a distinctive look had the secondary use of identifying SOLID 21 and its

12  mark RED GOLD®.

13       D.      SOLID 21 is informed and believes that in order to capture the goodwill created

14  by SOLID 21's use of the gold alloy color it invented, DEFENDANTS began manufacturing,

15  developing and marketing fine jewelry and watch products using gold treated to create a hue

16  similar to the gold developed by SOLID 21.

17       E.      DEFENDANTS have used gold with this hue, which does not exist in gold's

18  natural state, but must be formulated, in order to create confusion in the marketplace and to

19  benefit from its association with luxury and finely made products – a meaning associated with

20  SOLID 21 and RED GOLD(R).

21  **VI.      FIRST CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS**

22         (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

23  23.      SOLID 21 repeats and re-allege paragraphs 1 through 22 as if fully set forth herein.

24  24.      SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

25  Trademark Registration.

26  25.      DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

27  product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

28  and/or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

Trademark Complaint For Damages

1   mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

2   DEFENDANTS.

3   26.      DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

4   registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

5   27.      By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

6   suffer damage and injury to its business, reputation and good will, and will sustain loss of

7   revenue and profits, while DEFENDANTS profit by their prohibited use.

8   28.      Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

9   complained of herein and cause said damages and injury, all to the immediate and irreparable

10   harm of SOLID 21.

11   **VII.   FIRST CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS**

12   (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

13   29.      SOLID 21 repeats and re-allege paragraphs 1 through 28 as if fully set forth herein.

14   30.      SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

15   Trademark Registration.  SOLID 21 has developed an amber hue gold alloy which it uses in the

16   manufacture of its products and which has become associated with the RED GOLD® trademark.

17   31.      DEFENDANTS' have tried to mimic RED GOLD® by applying a red hue in the

18   manufacture of its fine jewelry and watches, such use which is likely to cause confusion, reverse

19   confusion, mistake and/or deception as to the source, sponsorship or approval of

20   DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated,

21   connected or associated with DEFENDANTS.

22   32.      DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

23   registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

24   33.      By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

25   suffer damage and injury to its business, reputation and good will, and will sustain loss of

26   revenue and profits, while DEFENDANTS profit by their prohibited use.

27   34.      Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

28   complained of herein and cause said damages and injury, all to the immediate and irreparable

Trademark Complaint For Damages

1    harm of SOLID 21.

2    **VIII.   SECOND CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS**

3    (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

4    35.    SOLID 21 repeats and re-alleges paragraphs 1 through 26 and 29 through 34 as if fully set

5    forth herein.

6    36.    DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

7    product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

8    as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

9    that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

10   37.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

11   Lanham Act, 15 U.S.C. § 1125(a).

12   38.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

13   suffer damage and injury to their business, reputation and good will, and has and will sustain loss

14   of revenues and profits, while DEFENDANTS profit by their prohibited use.

15   39.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

16   complained of herein and cause said damages and injury, all to the immediate and irreparable

17   harm of Plaintiffs.

18   **IX.   SECOND CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS**

19   (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

20   40.    SOLID 21 repeats and re-alleges paragraphs 1 through 29 and 32 through 39 as if fully set

21   forth herein.

22   41.    DEFENDANTS' use of the amber hue gold alloy developed by SOLID 21 and related to

23   its RED GOLD® Mark, to market, advertise and sell their product line of fine jewelry is likely to

24   cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or

25   approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow

26   affiliated, connected or associated with DEFENDANTS.

27   42.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

28   Lanham Act, 15 U.S.C. § 1125(a).

Trademark Complaint For Damages

43.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to their business, reputation and good will, and has and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

44.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## X.     THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

45.     SOLID 21 repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46.     Through extensive, continuous and exclusive use for over four years, SOLID 21 is the owner of all rights, title and interest in and to, and has acquired secondary meaning in, the distinctive RED GOLD® Mark for its manufacture, marketing, advertising and sale of fine jewelry, watches, and related goods and services.  For the purpose of this cause of action, the mark being the words RED GOLD® used in this order "RED GOLD®" and/or alternatively the amber hue gold alloy created and devised by SOLID 21.

47.     Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of the RED GOLD® Marks.

48.     DEFENDANTS' use of the RED GOLD® Mark to market, advertise and sell their product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

49.     DEFENDANTS' aforesaid acts constitute unfair competition with SOLID 21 in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

Trademark Complaint For Damages

1   51.    Unless and until enjoined by this Court, DEFENDANTS' will continue to perform the

2   acts complained of herein and cause said damages and injury, all to the immediate and

3   irreparable harm of Plaintiffs.

## XI.    FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (COMMON LAW TRADEMARK INFRINGEMENT)

6   52.    SOLID 21 repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

7   53.    Defendants acts alleged herein and specifically, without limitation, Defendants' use of the

8   RED GOLD® mark, infringe SOLID 21's exclusive trademark rights in the RED GOLD® mark,

9   in violation of the common law.

10   54.    As a result of Defendants' acts as alleged above, SOLID 21 has incurred damages in an

11   amount to be proven at trial consisting of, among other things, diminution in the value of the

12   goodwill associated with the RED GOLD® mark.

## XII.    SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Unfair Competition under California Business & Professions Code § 17200 et seq.)

15   55.    SOLID 21 repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

16   56.    Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and

17   goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of

18   the RED GOLD® Marks.  For the purpose of this cause of action, the mark being the words RED

19   GOLD® used in this order "RED GOLD®" and/or alternatively the amber hue gold alloy created

20   and devised by SOLID 21.

21   57.    DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

22   product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

23   as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

24   that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

25   58.    DEFENDANTS' aforesaid acts constitute unfair competition with Plaintiff within the

26   meaning of California Business and Professions Code § 17200.

27   59.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

28   suffer damage and injury to their business, reputation and good will, and will sustain loss of

1  revenues and profits, while DEFENDANTS profit by their prohibited use.

2  60.     Pursuant to California Business & Professions Code § 17203, Cisco is entitled

3  to preliminary and permanent injunctive relief ordering DEFENDANTS and each of them to

4  cease this unfair competition, as well as disgorgement of all of DEFENDANTS' profits

5  associated with this unfair competition. Unless and until enjoined by this Court, DEFENDANTS

6  will continue to perform the acts complained of herein and cause said damages and injury, all to

7  the immediate and irreparable harm of SOLID 21.

8            **XIII.   SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

9                (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

10  61.     SOLID 21 repeats and re-allege paragraphs 1 through 60 as if fully set forth herein.

11  62.     SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become

12  famous, and/or alternatively the amber gold hue created and devised by SOLID 21 is a distinctive

13  mark that has become famous.

14  63.     DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to

15  market, advertise and sell their product line of luxury wrist watches and fine jewelry is causing

16  dilution of the distinctive quality of the RED GOLD® Mark and Registration, and/or

17  alternatively the amber gold hue created and devised by SOLID 21.

18  64.     DEFENDANTS' aforesaid acts constitute trademark dilution in violation of the Lanham

19  Act, 15 U.S.C. § 1125(c).

20  65.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

21  suffer damage and injury to its business, reputation and good will, and will sustain loss of

22  revenues and profits, while DEFENDANTS profit by their prohibited use.

23  66.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

24  complained of herein and cause said damages and injury, all to the immediate and irreparable

25  harm of SOLID 21.

26            **XIV.   EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

27                (False Description under the Lanham Act, 15 U.S.C. § 1125(a))

28  67.     SOLID 21 repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

Trademark Complaint For Damages

68.     SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become famous, and/or alternatively the amber gold hue created and devised by SOLID 21.

69.     DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to market, advertise and sell their product line of fine jewelry including watches is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of SOLID 21's products, or to deceive consumers as to the origin, sponsorship or approval of SOLID 21's products, all in dilution of the distinctive quality of the RED GOLD(R) Mark and Registration, and/or alternatively the RED GOLD(R) hue created and devised by SOLID 21.

70.     SOLID 21 avers that DEFENDANTS' use of the term RED GOLD® comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

71.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

## XV.     NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Trademark Dilution under California Business and Professions Code 14330)

72.     SOLID 21 repeats and realleges paragraphs 1 through 71 as if fully set forth herein.

73.     SOLID 21 is the owner of the famous and distinctive RED GOLD® Mark and Registration, and/or alternatively the amber gold hue created and devised by SOLID 21.

74.     DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to market, advertise and sell their product line of fine jewelry is causing likelihood of injury to business reputation or of dilution of the distinctive quality of the RED GOLD® Mark and Registration.

75.     DEFENDANTS' aforesaid acts constitute trademark dilution in violation of California Business and Professions Code 14330.

76.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of

Trademark Complaint For Damages

1  revenues and profits, while DEFENDANTS profit by their prohibited use.

2  77.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

3  complained of herein and cause said damages and injury, all to the immediate and irreparable

4  harm of SOLID 21.

5  ## XVI.    TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

6  ### (Declaratory Relief)

7  78.     SOLID 21 repeats and realleges paragraphs 1 through 77 as if fully set forth herein.

8  79.     An actual controversy has arisen and now exists relating to the rights and duties of the

9  parties herein in the RED GOLD® Mark for which judicial determination is required.

10  80.     SOLID 21 is and has been, for over five years, the owner of the RED GOLD® mark as

11  evidenced by, among other things, the RED GOLD® Registrations.

12  81.     SOLID 21 has taken all necessary steps to perfect its RED GOLD® Registrations and has

13  filed all items necessary to make the RED GOLD® mark incontestable.

14  82.     SOLID 21 has also devised and created a gold alloy with an amber hue, which it has

15  branded and marketed as "RED GOLD®" such a shade and hue which does not exist in gold's

16  natural state. This is hue is also a mark of SOLID 21.

17  83.     DEFENDANTS and each of them have infringed upon SOLID 21's rights by, among

18  other things, using the "RED GOLD®" mark to describe and market its products, and/or

19  alternatively, by trying to duplicate the amber hue alloy gold developed and devised by SOLID

20  21, for use with their products.

21  84.     As such a judicial determination is needed setting forth the respective rights, interests,

22  and duties of all parties to this action. Specifically, SOLID 21 seeks the following declaratory

23  relief: (1) that its RED GOLD® Registrations owned by SOLID 21 be deemed incontestable in

24  accordance with 15 USC §1065; (2) that the RED GOLD® amber hue alloy is an incontestable

25  mark owned by SOLID 21; and (3) that DEFENDANTS, each or some of them, acted in bad faith

26  in their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD®

27  amber hue alloy devised and created by SOLID 21.

28  ///

Trademark Complaint For Damages

## XVII. PRAYER FOR RELIEF

WHEREFORE, SOLID 21 prays that the Court award the following relief:

1. That DEFENDANTS, and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from DEFENDANTS, and each of them, be preliminarily and permanently enjoined from:(a) using SOLID 21's trademark depicted in Exhibit 1, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to SOLID 21's trademark RED GOLD®, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of SOLID 21's products or their connectedness to DEFNENDANTS, and each of them.

2. That DEFENDANTS, and each of them, be required to file with the Court and serve on SOLID 21 within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which DEFENDANTS, and each of them, have complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, DEFENDANTS be held liable for all damages suffered by SOLID 21 resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, DEFENDANTS, and each of them, be compelled to account to SOLID 21, and that SOLID 21 be awarded, for any and all profits, gains, and advantages derived by DEFENDANTS, and each of them,  from its illegal acts complained of herein;

5. That DEFENDANTS be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction product inventory (including watches and jewelry) all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of DEFENDANTS bearing a trademark found to infringe SOLID 21's RED GOLD® trademark rights, as well as all plates, matrices, and other means of making the same;

6. That DEFENDANTS, and each of them, be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all gold and gold products, watches, and jewelry, and the like

Trademark Complaint For Damages

1  manipulated with an amber hue alloy hue to resemble and mimic the RED GOLD® amber hue

2  alloy gold hue, in possession, custody or under the control of DEFENDANTS, and each of them,

3  bearing a trademark found to infringe SOLID 21's RED GOLD® trademark rights, as well as all

4  plates, matrices, and other means of making the same;

5  7.      That the Court declare this to be an exceptional case and award SOLID 21 its full costs

6  and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and award SOLID

7  21 punitive and treble damages due to DEFENDANTS' willful and intentional acts of trademark

8  infringement, trademark dilution and unfair competition;

9  8.      Injunctive relief prohibiting DEFENDANTS, and each of them, from engaging in the

10  unlawful, unfair, deceptive, and misleading business practices described herein;

11  9.      Restoration of all money gained by DEFENDANTS, and each of them, by wrongly using

12  the unlawful, unfair, deceptive, and misleading business practices described in this Complaint;

13  10.     That it be determined that SOLID 21's RED GOLD® Registrations are incontestable;

14  11.     That it be determined that SOLID 21's RED GOLD® amber hue alloy is an incontestable

15  mark owned by SOLID 21;

16  12.     That it be determined that DEFENDANTS, each or some of them, acted in bad faith in

17  their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD® amber

18  hue alloy devised and created by SOLID 21

19  13.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided

20  for in 15 U.S.C. §§ 1116 and 1117 or under state law;

21  14.     Interest on the above-requested damages;

22  15.     Costs of this action and,

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Trademark Complaint For Damages

16.    For such and other further relief that the court deems just and proper.

Dated: January 12, 2011                    RESPECTFULLY SUBMITTED:

                                           BITTON & ASSOCIATES


                                           _____
                                           OPHIR J. BITTON
                                           Attorneys for Plaintiff SOLID 21, INC.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to *Federal Rule of Civil Procedure* §38(b) SOLID 21 hereby demands a trial by jury.

Dated: January 12, 2011

RESPECTFULLY SUBMITTED:

BITTON & ASSOCIATES

OPHIR J. BITTON
Attorneys for Plaintiff SOLID 21, INC.

Trademark Complaint For Damages

18

**EXHIBIT 1**

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.



Director of the United States Patent and Trademark Office

## Requirements for Maintaining a
## Federal Trademark Registration

# SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:

  i) At the end of 6 years following the date of registration.
  ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

# SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

United States Patent and Trademark Office

Reg. No. 2,793,987
Registered Dec. 16, 2003

## TRADEMARK
## PRINCIPAL REGISTER

## RED GOLD

SOLID 21 INCORPORATED (NEVADA COR-
PORATION)
315 WEST 9TH STREET SUITE 1211
LOS ANGELES, CA 90015

FOR: FINE JEWELRY MADE OF A SPECIAL
ALLOYING OF GOLD WITH A DISTINCT COLOR
MADE INTO FINE JEWELRY, NAMELY,
WATCHES, NECKLACES, BRACELETS, RINGS,
ANKLETS, CUFF LINKS, ORNAMENTAL HAIR
PINS, BELT BUCKLES OF PRECIOUS METAL, TIE

CLIPS AND PEGS, AND EARRINGS, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-13-1989; IN COMMERCE 12-13-1989.

SER. NO. 76-434,708, FILED 7-25-2002.

ALICE SUE CARRUTHERS, EXAMINING ATTOR-
NEY

**EXHIBIT  2**

Side - 1



## NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION
### MAILING DATE: Aug 21, 2009

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force. For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:** 2793987
**MARK:** RED GOLD
**OWNER:** Solid 21 Incorporated

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Christopher Aire
Solid 21 Incorporated
22287 Mulholland Highway, suite 82
CALABASAS, CA 91302

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 449 GAF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Ophir J. Bitton    SBN: 204310
BITTON & ASSOCIATES
12080 Ventura Place, Suite D
Studio City, CA 91604
Tel. No. 818-524-1223

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Solid 21, Inc., a Nevada Corporation headquartered in Los Angeles, California, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV11 0449 GAF AJWx |
| ROLEX WATCH USA, INC., a New York Corporation; ROLEX SA, a Swiss Corporation; and DOES 1-10, inclusive | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

_____

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Bitton & Associates_____, whose address is _12080 Ventura Place, Suite D, Studio City, CA 91604 USA_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JAN 1 4 2011____

By: ____CHRISTOPHER BOWERS____

Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California, | ROLEX WATCH USA, INC., a New York Corporation; ROLEX SA, a Swiss Corporation; and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ophir J. Bitton; BITTON & ASSOCIATES; 12080 Ventura Place, Suite D, Studio City, CA 91604; Tel. No.: 818-524-1223 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S. Sections 1114(1) & 1125(a) and (c): Statutory & Common Law Trademark Infringement, Unfair Competition; False Description; Injunctive & Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:    Case Number:** CV10 7079 SVW (AGRx)

CV11    0449

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): CV10 7079 SVW (AGRx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV10 7079 SVW (AGRx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☑ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State: New York; Countries: Switzerland |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | worldwide |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 11, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |